**Christopher KINCH, Plaintiff–Appellant,**

v.

**DOLLAR RENT–A–CAR SYSTEMS, INC., Rental Car Finance Corp., and Ronald N. Vulin, Defendants–Appellees.**

No. 00–9506.

United States Court of Appeals, Second Circuit.

June 18, 2001.

Appearing for Appellant: Michael G. Bersani Michaels & Smolak Auburn, NY.

Appearing for Appellees: Martha L. Berry Law Office of Laurie G. Ogden Syracuse, NY.

Present: CARDAMONE, PARKER, Circuit Judges, and MURTHA,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant, Christopher Kinch ("Kinch") appeals from a November 2, 2000 judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge* ). Specifically, Kinch appeals Judge Scullin's order denying Kinch's post-trial motion for judgment as a matter of law

---

* The Honorable J. Garvan Murtha, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

pursuant to Rule 50(b). Subject matter jurisdiction in the district court was based on diversity pursuant to 28 U.S.C. § 1332. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1291.

This case arises out of an October 27, 1998 collision between a motorcycle driven by the appellant and a motor vehicle driven by appellee Ronald Vulin. Kinch was riding his motorcycle eastbound on a two-lane highway near Elbridge, New York when Vulin, driving westbound in a van owned by Dollar Rent–A–Car and Rental Car Finance Corp., crossed into Kinch's lane of travel while making a u-turn. Apparently, Vulin saw a house that he wanted to have a closer look at and therefore decided to pull over and turn his car around.

When Vulin pulled over onto the shoulder, Kinch was west of Vulin heading towards him. Kinch noticed Vulin's vehicle and that he had pulled over to the shoulder. Because Kinch did not notice Vulin use his turn signal, which Vulin testified that he did use, Kinch became "leery" and decided to disengage his clutch. Kinch saw two vehicles pass Vulin as Vulin remained on the shoulder. As Kinch came closer to Vulin, Kinch decided to re-engage his gears. Before doing so, Kinch looked down at his tachometer to make sure that his RPMs were high enough to re-engage the gears and avoid locking up the rear wheel of the motorcycle. Kinch testified that he was looking down for "about a second, a few seconds" or "maybe two seconds." When he looked up, Vulin's van was in front of him about forty-five feet away in the midst of a u-turn. Kinch disengaged his clutch, locked up his brakes, and crashed into Vulin's van. Kinch conceded that while he was looking down he lost sight of the traffic in front of him. He also conceded that it was because he looked down that he did not see Vulin begin his u-turn.

A three day jury trial was conducted from August 8–10, 2000. At the close of evidence, Kinch moved for a directed verdict on the grounds that defendant was, as a matter of law, negligent and that there had been no proof at trial regarding Kinch's comparative negligence. Kinch's motion was denied. Under a comparative negligence scheme, the jury returned a verdict in which eighty percent of the liability was assessed against Vulin and twenty percent of the liability was assessed against Kinch. Kinch made a post-trial motion for a judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, arguing that the jury's finding of comparative negligence was not supported by the evidence. In an October 26, 2000 order, Judge Scullin denied Kinch's post-trial motion for a judgment as a matter of law on the comparative negligence issue. Kinch appeals from Judge Scullin's denial of his Rule 50(b) motion.

> In ruling on a motion for judgment as a matter of law under Rule 50(b), a district court is required to consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence. The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury. The court may properly grant the motion only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against the moving party. The same standard gov-

erns appellate review of a decision granting or denying judgment as a matter of law.

*Stratton v. Dep't for the Aging,* 132 F.3d 869, 878 (2d Cir.1997) (internal citations, quotation marks, and brackets omitted).

Based on this standard of review and the evidence present in the record, we hold that the district court did not err in denying Kinch's Rule 50(b) motion. Sufficient evidence was produced at trial to support the jury's finding of comparative negligence.

For the reasons set forth above, the judgment of the district court is AFFIRMED.